Gopal KUNDRA, Petitioner,

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–72890.

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.*

Filed July 2, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jose A. Bracamonte, Esq., Phoenix, AZ, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Genevieve Holm, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, HAWKINS, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Gopal Kundra, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see Avetova–Elisseva v. INS,* 213 F.3d 1192, 1196 (9th Cir.2000),

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and we grant the petition for review and remand.

■ Substantial evidence does not support the agency's conclusion that the Indian government was unable or unwilling to control the Muslim terrorists who persecuted Kundra on account of his imputed political opinion. The record indicates that the Indian government, although willing, was unable to control the terrorists, despite the fact that Kundra reported the incidents to the police, followed the advice of the police, and relocated within India twice while attempting to escape persecution. *See id.* at 1198 (recognizing that the government's *inability* to control the source of persecution may support a finding of a well-founded fear). Accordingly, substantial evidence does not support the agency's conclusion that Kundra failed to establish past persecution. *See Singh v. INS,* 94 F.3d 1353, 1360 (9th Cir.1996) (concluding that the failure of the authorities to protect petitioner clearly indicated that the police either would not or *could not* control the persecutors).

■ Because we conclude that Kundra suffered past persecution, he is entitled to a rebuttable presumption of a well-founded fear of future persecution. *See Garcia–Martinez v. Ashcroft,* 371 F.3d 1066, 1077–78 (9th Cir.2004). Accordingly, we grant the petition for review and remand to the BIA for further proceedings consistent with this disposition. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**